NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1047
_____

JULIE AYMONIER,

Appellant,
v.

UNITED STATES OF AMERICA.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-04757)
District Judge: Hon. Freda L. Wolfson

_____

Submitted under Third Circuit LAR 34.1(a)
June 20, 2011

Before: HARDIMAN and ALDISERT Circuit Judges ,and RESTANI,* Int'l Trade
Judge.

(Filed: June 22, 2011)
_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

_____

* Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

1

This appeal by Julie Aymonier from summary judgment entered by the United States District Court for the District of New Jersey in favor of the United States requires us to decide whether the United States was liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq., and id. § 2671 et seq., or whether the District Court properly held that her claim was barred by the New Jersey Landowner Liability Act, which provides tort immunity to owners of rural and semi-rural properties. N.J. Stat. Ann. § A:42A-3. We are satisfied that the New Jersey Act applies, and will affirm.

## I.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1346. We have jurisdiction pursuant to 28 U.S.C. § 1291.

"We review a district court's grant of summary judgment under a plenary standard, applying the same test employed by the District Court." Smith v. Borough of Dunmore, 633 F.3d 176, 179 (3d Cir. 2011) (quotation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Federal Rules of Civil Procedure. In making this determination, we draw inferences "from the underlying facts in the light most favorable to the nonmoving party." Bayer v. Monroe Cnty. Children & Youth Servs., 577 F.3d 186, 191 (3d Cir. 2009) (quotation omitted).

## II.

Aymonier's lawsuit alleged that she sustained injuries as a result of a slip and fall at "Sandy Hook," which is part of the federally-owned Gateway National Recreation Area. Specifically, she averred that while walking on a paved path called Fisherman's Trail she tripped over an object that appeared to be a metal post protruding one inch above the surface of the walkway. She sustained a fractured wrist that healed with a

2

visible deformity.

Sandy Hook consists of approximately 2,070 acres of land with several miles of beaches and approximately eight miles of recreational trails. The vast majority of Sandy Hook is uninhabited, comprising mainly beaches, salt marshes, dunes, a maritime forest, and a habitat for migratory birds. The only structures on Sandy Hook are related to Fort Hancock, a decommissioned military base, and Station Sandy Hook, an active United States Coast Guard Base that is fenced off from the public.

The District Court granted the government's motion for Summary Judgment. It found that the dominant character of the land at Sandy Hook was rural, quiet, and remote, which meant the Landowner Liability Act barred Aymonier's suit as a matter of state law. She timely appealed.

III.

The Federal Tort Claims Act ("FTCA") allows plaintiffs to bring claims based on the actions of government employees, if private persons engaging in analogous behavior would be liable under state law. 28 U.S.C. § 1346(b)(1). Importantly, state law determines whether there is an underlying cause of action. Miller v. Pa. Geriatric Ctr., 463 F.3d 266, 271 (3d Cir. 2006). In this case, Aymonier sued the federal government pursuant to the FTCA, based on a theory of negligence under New Jersey law. "[T]o sustain a common law cause of action in negligence," under New Jersey law, "a plaintiff must prove four core elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Polzo v. Cnty. of Essex, 960 A.2d 375, 384 (N.J. 2008) (internal quotation omitted). Although New Jersey law imposes upon landowners "the duty of maintaining sidewalks in safe condition," Stewart v. 104 Wallace Street, Inc., 432 A.2d 881, 884 (N.J. 1981), the state legislature has abrogated that duty in the case of

3

landowners who allow the public to use their property for recreation:

a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, and whether or not improved or maintained in a natural condition, or used as part of a commercial enterprise, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;

b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

N.J. Stat. Ann. § A:42A-3. Section A:42A-3 was intended to provide tort immunity to "those owners of rural or semi-rural tracts of land on whose property the enumerated activities occurred." Harrison v. Middlesex Water Co., 403 A.2d 910, 913 (N.J. 1979). The issue on this appeal is whether Sandy Hook is a "rural or semi-rural" tract of land. Id.

Aymonier contends that the District Court erred in finding that Fisherman's Trail, the site of her injury, was "rural or semi-rural." Id. She maintains that it lacks the characteristics typically associated with rural or semi-rural areas because of its close proximity to Fort Hancock and Sandy Hook Station. Alternatively, she contends that because Sandy Hook is part of the Gateway National Recreation Area—which extends throughout portions of New York and New Jersey—it should be viewed in the context of "the largest metropolitan area in the country." We are not persuaded by her arguments; the vast majority of Sandy Hook consists of undeveloped beaches and marshland. Indeed, Aymonier herself described the area where she fell as "wilderness." App. 129-30. Nor do

4

the proximity of Fort Hancock and Station Sandy Hook deprive Fisherman's Trail of its semi-rural character. Cf. Weber v. United States, 991 F. Supp. 694 (D.N.J. 1998) (applying New Jersey law and concluding that a publicly accessible swing set located on the Fort Dix Military Reservation qualified for immunity under the Landowner Liability Act). We therefore agree with the District Court that Sandy Hook is semi-rural land, and that the United States is entitled to immunity under the Landowner Liability Act.

* * * * *

We will affirm the judgment of the District Court.

_____